**In re WADE.**

**No. 6662.**

District Court, W. D. Louisiana,
Shreveport Division.

March 26, 1947.

B. F. Roberts, of Shreveport, La., and Leslie L. Lacroix, of Columbia, La., for bankrupt.

J. Norman Coon, of Monroe, La., for opponents, Mrs. Willa A. and Jas. W. Sasser.

DAWKINS, District Judge.

On September 15, 1945, the Referee overruled an opposition to the discharge of the bankrupt and proceedings were taken for review to the court. On January 12, 1946, the opposition was submitted on briefs to be filed by the opponents within thirty days, and ten days thereafter for the bankrupt. The matter has remained in this condition since, without the filing of briefs by either side until a few days ago when the attorney for the bankrupt called it to the attention of the court by letter. The clerk was directed to notify counsel for both sides that the record was being sent to the court for disposition of the opposition. Under date of March 12, 1947, the clerk wrote the court that he was transmitting the record on that date, and would send both counsel copy of his letter of transmittal calling their attention to the fact that no briefs had been filed, notwithstanding more than one year had elapsed since submission of the case. On this date, March 25th, no briefs have been filed.

The grounds for the opposition were as follows:

1. That the bankrupt did not list and surrender all of his property when adjudicated;

2. That he had scheduled an indebtedness to his sister for the sum of $42, which he did not owe;

3. That he also schedules his brother-in-law as a creditor for $375, which was likewise not owed.

The bankrupt, on the hearing of the opposition, filed a demurrer thereto alleging that it "does not allege that he (bankrupt) has done or has failed to do any act. that would be cause for the refusal of his application for a discharge in bankruptcy." After oral argument, the Referee announced his view that the allegations of the opposition were insufficient, but advised counsel that an amendment would be allowed if sufficient facts could be alleged to support the charge that property had not been surrendered and that the claims were not due, which was declined, with the statement that opponents would stand upon the opposition as filed. The Referee thereupon sustained the demurrer and dismissed the opposition.

The circumstances in connection with the property surrendered by the bankrupt and the claims of the creditors in question were fully disclosed in the trial of a claim to an exemption under state law of the printing establishment of the bankrupt, and there did not appear to be anything in that record which would support the contention that the bankrupt had committed any of the statutory offenses or acts, which would warrant the denial of a discharge.

Evidently realizing this, counsel for the opponents has made no effort to push the matter, and no briefs have been filed with the court, notwithstanding the notice given by the clerk as above set forth.

In view of these circumstances, there being nothing in the record to support the opposition, the ruling of the Referee is sustained, and the opposition is dismissed.

Proper decree should be presented.